## COLUMBIA MOTOR HOTELS, INC. *v.* STATE TAX COMMISSION

Walter H. Grebe, Portland, Oregon, represented plaintiff.

Ira W. Jones, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered June 5, 1967.

EDWARD H. HOWELL, Judge.

This case involves a constitutional question under the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and a question of uniformity of taxation as required by Art I, § 32 and Art IX, § 1, of the Constitution of the State of Oregon.

The facts have been stipulated.

Plaintiff owned the Columbia Motor Hotel in The Dalles. On March 27, 1963, plaintiff adopted a plan of liquidation and dissolution and on August 27, 1963, sold the property for a substantial gain. On February 27, 1964, plaintiff distributed all its assets to its stockholders. Fifty percent of the stock was held by stockholders who were residents of the State of Washington. The tax commission determined that one-half of the gain on the sale was taxable to the corporation and plaintiff appealed.

ORS 317.247 provides that no gain or loss shall be recognized to a corporation from the sale or exchange of the corporation's property when the sale is made pursuant to a plan of complete liquidation and within the twelve-month period of the plan all the assets are distributed to the stockholders. Subsection 5 of that section states:

"(5) For tax years beginning on and after January 1, 1963, subsections (1) to (4) of this section shall be limited to those liquidations and distributions or the portion of those liquidations and distributions which are made to Oregon corporations, to corporations authorized to transact business in the State of Oregon pursuant to ORS 57.655 to 57.745, or to individuals who are residents of the State of Oregon. *The gain on the sale or exchange of assets or portion thereof during the liquidation of a liquidating corporation which is ultimately distributed*

> *to nonresident individuals or to corporations which are not authorized to transact business in the State of Oregon shall be recognized and shall be taxed to such corporation.*" (Emphasis supplied.)

There is no dispute concerning the facts. The only issue is the constitutionality of subsection (5) above. The parties have agreed that if subsection (5) is unconstitutional it is severable from and will have no effect on the remainder of ORS 317.247.

In addition to attacking the constitutionality of subsection (5) as a violation of the equal protection clause, plaintiff also contends that the subsection violates the commerce clause (Art I, § 8) and the privileges and immunities clause (Fourteenth Amend, Art I) of the United States Constitution.

■ It will not be necessary to consider the other grounds alleged because subsection (5) is clearly a violation of the equal protection clause of the Fourteenth Amendment as it discriminates against corporations who have all or part nonresident stockholders.

■ The Fourteenth Amendment provides that no state may deny the equal protection of the laws to any person within its jurisdiction. The equal protection clause also applies to corporations. *Wheeling Steel Corporation v. Glander,* 337 US 562, 69 S Ct 1291, 93 L ed 1544 (1949). The equal protection clause does not prevent the state from resorting to classifications for purposes of legislation. The classification, however, must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relationship to the object of the legislation so that all persons similarly circumstanced shall be treated alike. *Royster Guano Co. v. Virginia,* 253 US 412, 40 S Ct 560, 64 L ed 989 (1919).

■ · A law which discriminates between corporations of the same class, taxing some at a different rate from others, is invalid. 84 CJS 92, Taxation § 29. In *Wheeling Steel v. Glander, supra,* the United States Supreme Court was considering an Ohio statute which placed an ad valorem tax on intangibles owned by foreign corporations doing business in Ohio but which exempted resident and domestic corporations. In finding the tax discriminatory and unconstitutional the Court had the following to say about statutes imposing taxes based solely on the residence of the owner:

"The certificate of the Tax Commissioner discloses how fundamentally discriminatory is the application of this *ad valorem* tax to intangibles when owned by a resident or a domestic corporation as contrasted with its application when those are owned by a domesticated corporation or a nonresident. If on the taxing date one of these petitioners and an Ohio competitor each owns an account receivable of the same amount from the same out-of-state customer for the same kind of commodity, both shipped from a manufacturing plant in Ohio and both sold out of Ohio by an agent having an office out of the State, appellant's account receivable would be subject to Ohio's *ad valorem* tax and the one held by the competing domestic corporation would not. *It seems obvious that appellants are not accorded equal treatment, and the inequality is not because of the slightest difference in Ohio's relation to the decisive transaction, but solely because of the different residence of the owner.*" 93 L ed 1551 (Emphasis supplied.)

■ In *Allied Stores of Ohio v. Bowers,* 358 US 522, 79 S Ct 437, 3 L ed2d 480 (1959), the Supreme Court had before it the question of the constitutionality of another Ohio statute which exempted certain property belonging to nonresidents if held in a storage ware-

house for storage only but taxed the same property if belonging to a resident. An Ohio resident contended that the statute discriminated against him as a resident. The Supreme Court stated that a statute which encourages the location within the state of needed and useful industry by exempting them, though not others, is not arbitrary and does not violate the equal protection clause. The court in upholding the statute found that the Ohio legislature, in enacting the statute may have intended to give a special benefit to nonresidents in order to encourage them to warehouse merchandise in Ohio. The majority opinion distinguished *Wheeling Steel* on the basis that the statute in *Wheeling* was arbitrarily discriminatory against nonresidents solely on the basis of residency. The court said:

> "* * * Here the discrimination against residents is not invidious nor palpably arbitrary because, as shown, it rests not upon the 'different residence of the owner,' but upon a state of facts that reasonably can be conceived to constitute a distinction, or difference in state policy, which the State is not prohibited from separately classifying for purposes of taxation by the Equal Protection Clause of the Fourteenth Amendment."[1]

---

[1] The separate concurring opinion of Mr. Justice Brennan, joined by Mr. Justice Harlan, appears to offer a more reasonable basis for distinction between the two cases. Justice Brennan found that they would be indistinguishable unless they are considered on the basis that the Constitution is an instrument of federalism. He stated:

"* * * The proper analysis, it seems to me is that Wheeling applied the Equal Protection Clause to give effect to its role to protect our federalism by denying Ohio the power constitutionally to discriminate in favor of its own residents against the residents of other state members of our federation. On the other hand, in the present case, Ohio's classification based on residence operates against Ohio residents and clearly presents no state action disruptive of the federal pattern. There is, therefore, no reason to judge the state action

■ Applying the principle announced in the above cases that a state taxing statute that discriminates between residents and nonresidents, with no substantial reason for the difference in treatment between the two classes other than residence is a violation of the equal protection clause of the Fourteenth Amendment, it appears that ORS 317.247(5) is a violation of the federal Constitution.

In addition, Oregon has previously decided that a taxing statute that arbitrarily discriminates against nonresidents or nonresident corporations because of residence is unconstitutional as a violation of the Fourteenth Amendment. *Standard Lbr. Co. v. Pierce et al,* 112 Or 314, 228 P 812 (1924). The case is directly in point on the issue involved herein.

The court had before it a section of the income tax act of 1923 which allowed a corporation to deduct from its net income the amount of dividends paid to Oregon residents but did not allow the deduction for dividends paid to nonresidents of Oregon. The taxpayer contended that this was an unconstitutional discrimination between corporations having nonresident stockholders and corporations without nonresident stockholders and also constituted discrimination between nonresident stockholders as individuals and resident stockholders as individuals. The court cited

---

mechanically by the same principles as state efforts to favor residents. As my Brethren's opinion makes clear, a rational basis can be found for this exercise by Ohio of the latitude permitted it to define classifications under the Equal Protection Clause. One could, in fact, be found in the concept that it is proper that those who are bound to a State by the tie of residence and accordingly the more permanently receive its benefits are proper persons to bear the primary share of its costs. Accordingly, in this context, it is proper to say that any relief forthcoming must be obtained from the State Legislature." 3 L ed 2d 488.

an interesting illustration of the potentional result if the statute were allowed to stand. In the case of three corporations engaged in the same type of business in Oregon with the same capital stock with the same net profit of $14,000, they would pay taxes as follows: the corporation whose stockholders were all residents of Oregon would pay no tax; the corporation whose resident stockholders own one-half of the stock and its nonresident stockholders own one-half would pay tax on $7,000; the third corporation whose stockholders were all nonresidents would pay tax on $14,000. In finding the statute unconstitutional, the court said:

> "We are confronted here by a clear discrimination between corporations whose stockholders are all residents of the state and corporations having in whole or in part, stockholders who are nonresidents of the state, and also between corporations having stockholders of the latter description and corporations whose stockholders are all nonresidents of the state.
>
> "* * * * *
>
> "Manifestly, corporations cannot be classed separately for purposes of state taxation merely because one or more of their respective stockholders happen to reside out of the state at the tax levying date. It is entirely clear that the proviso in question is void." 112 Or 338, 340.

It is obvious that subsection (5) was enacted as a means of securing revenue to the State of Oregon that would otherwise escape because of the lack of jurisdiction over the income of nonresidents.[2]

---

[2] Subsection (5) to ORS 317.247 was enacted by Or L 1963, ch 180. The minutes of the House Taxation Committee meeting on March 15, 1963, indicate that the purpose of the proposed legislation was to acquire income which was being lost to Oregon because of lack of jurisdiction. Concerning the bill the minutes

No substantial reason for the difference in treatment between the two classes of corporations can be suggested except that the state did not want to lose the revenue and did not have the jurisdiction to tax the income of the nonresident stockholder. Subsection (5) of ORS 317.247 is obviously an arbitrary classification of corporations and violates the equal protection clause of the Fourteenth Amendment.

The order of the tax commission is set aside.

state: "It puts the tax liability on the corporation if the stock is held outside Oregon's jurisdiction. The measure applies to corporations formed as Oregon corporations where the majority of the stockholders are out-of-state individuals. Individuals outside Oregon who liquidate intangibles do not pay a tax because Oregon does not presently have jurisdiction." Some concern was also expressed about double taxation resulting in other states having an income tax.